Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT

















Opinion issued December 10, 2009                                                                                                                                                                                                                                                                                                         



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-07-00088-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



chandra Denise randle, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

*        *        *

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-07-00089-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



chandra randle-jackson, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause Nos. 1039811 & 1060609

 



MEMORANDUM opinion

Appellant, Chandra Randle,[1] pled
guilty, without an agreed recommendation, to two separate charges of fraudulent
use or possession of identifying information. 
After a hearing, the trial court sentenced appellant to two years
imprisonment and a fine of $10,000. 
Appellant raises two points of error: (1) her trial counsel’s closing
argument during her PSI hearing constituted ineffective assistance of counsel
and (2) the trial court erred in finding that she was required to register as a
sex offender.[2]  We modify the judgments and affirm as modified.


BACKGROUND

Appellant was charged by two separate
single-count indictments for fraudulent use or possession of identifying information.  One indictment included two enhancement
paragraphs for two prior felony convictions for fraudulent use or possession of identifying
information, but these enhancements were abandoned by the State.  Prior to the commencement of
trial, appellant pled guilty to both charges and a pre-sentence investigative (PSI) report was
ordered.  The State’s sole witness at the
PSI hearing—one of the complainants—asked the court to assess appellant the
maximum sentence.  Appellant’s counsel
called no witnesses and asked the State’s witness only two questions.  Appellant’s counsel’s closing
argument, in its entirety, follows:

Counsel: Your Honor, I thought about giving—I see some lawyers have these
little things with stamps on them.  And
what they do is—if I use your stamp and give the impression of your name, it
will give what you want to give.  And I
was thinking the lady came here and it is an awful situation, I imagine, to be
where she is and she stamped it, too.  And
then she came, she took the same stamp and stamped it, too.  I’m wondering what’s the next stamp going to
be like.  

Your Honor, I don’t really like to do presentence.  And the reason being, I’m the kind of lawyer
I’ll fight you to the death.  I don’t like
coming up here being unarmed, sucking my thumb. 
And that’s what this is, you come up here and you bring witnesses and
it’s—it has to be an awful feeling for somebody to mess up your credit.  I mean, there’s no question about that.

But if—I notice when we have a trial, for some reason,
Judges tell jurors that the reason you can’t sit on this jury if something
happened to you, you can’t be objective. 
And yet, you’ll let that same person knowing their objective is skewed
to tell you what to give in a case.  

And I’m saying if that be true, then why would a Judge
ever tell a witness, well, you couldn’t sit on this case ‘cause you couldn’t be
objective.  You couldn’t sit in judgment
because you couldn’t be objective.  And
yet, you let a person come in here knowing they can’t be objective and ask them
what should you give.

And I’m saying if that’s the way you do it, then when
you voire dire jurors, you should never tell a person you can’t be a jury and a
witness and tell somebody what to give on a case because your objectivity is
not there.  

I don’t know what you’re going to give.  And it looks bad here.  I’m her friend and I got to say it looks bad.

. . .

I don’t know what you are going to do.

. . .

I know it is easy to give her the max.

Court:      Okay.  Is that what you want?

Counsel: No, I don’t want that; but that would be easy.

Court:      Okay.  

Counsel: But it takes some thought to give her something in between there.

 

At the conclusion of the hearing, the court assessed
appellant the maximum sentence and fine—two years imprisonment and a fine of
$10,000.  No motion for new trial was
filed.

Ineffective assistance of counsel

In her first point of error,
appellant argues that she received ineffective assistance of
counsel based upon the “incoherent” and “rambling” closing argument made by her
trial counsel during her punishment hearing. 
  

A.           
Standard of Review

The United States
Constitution, the Texas Constitution, and a Texas statute guarantee an accused the right
to assistance of counsel.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon Supp. 2008).  As a matter of state and federal law, this
right includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997). 

The United States Supreme Court established a two-prong test to
determine whether counsel is ineffective. 
See Strickland, 466 U.S. at 687–95, 104 S. Ct. at 2064–69; Hernandez v. State, 726 S.W.2d 53, 55–57
(Tex. Crim. App. 1986) (applying Strickland
test to Texas
statutes and constitutional provisions). 
Proof of ineffective assistance of counsel requires a showing that (1)
trial counsel’s representation fell below an objective standard of reasonableness,
based on prevailing professional norms, and (2) there is a reasonable
probability that the result of the proceeding would have been different but for
trial counsel’s deficient performance.  Strickland, 466 U.S. at 687–94, 104 S. Ct. at 2064–68; see Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

Based upon the “prevailing professional norms” currently extant
in the criminal courts of Harris
 County, trial counsel’s
argument was clearly incomprehensible. 
But the second prong of the Strickland
test requires that the appellant must also show a reasonable probability that,
but for counsel’s deficiency, the result of the proceeding would have been
different; absent such a showing, the contention of ineffective assistance
fails.  Thompson, 9 S.W.3d at 812–13.

B.            
First Prong of Strickland – Deficiency

Although decisions relating to closing argument are often purely
strategic and thus deserving of deference, Taylor v. State, 947 S.W.2d 698, 704 (Tex. App.—Fort
Worth 1997, pet. ref’d), we can discern no possible plausible, legitimate,
trial strategy that would justify trial counsel’s giving such a rambling,
inarticulate, and at times, wholly irrelevant, closing argument.  See Ortiz v. State, 93 S.W.3d 79,
88–89 (Tex. Crim. App. 2002) (requiring reviewing courts to defer to trial
counsel’s decisions if “there is at least the possibility that the conduct
could have been legitimate trial strategy”); see also Naranjo v. State, No. 14-99-01227-CR, 2001 WL
931380, at  *1, *10 (Tex. App.—Houston
[14th Dist.] Aug. 16, 2001, pet. ref’d) (mem. op.) (not designated for
publication) (finding ineffective assistance of counsel; stating “there could
be no plausible strategic reason for giving an argument that is ‘aimless,
incoherent, devoid of substance, and without any apparent purpose.’”).  Although there is nothing in the record to
explain counsel’s actions, we find counsel’s closing argument so unwieldy and
incoherent that the argument itself undermines the presumption that counsel
exercised reasonable professional judgment in making it.  Therefore, based upon the record before us, we
conclude that trial counsel’s representation fell below objective standards of
professional conduct and find that appellant has satisfied the first prong of Strickland.  See Strickland, 466 U.S.
at 687–91, 104 S. Ct. at 2064–66. 

C.           
Second Prong of Strickland—Harm

Having established that her trial counsel’s conduct was
deficient, appellant need now, by a preponderance of the evidence, show a
reasonable probability that she would have received a different sentence but for
counsel’s confusing yammering.  See
Thompson, 9 S.W.3d at 812–13.

The transcript of the PSI hearing makes it abundantly clear
that the trial judge’s decision to assess appellant the maximum sentence and
fine was attributable to appellant’s criminal history in the PSI report.  Specifically, at the conclusion of the PSI
hearing, the trial judge stated:

Well,
I have given it a lot of thought.  In
fact, I read this report and I was, frankly, a little astonished that this
wasn’t a higher grade felony because this lady has two prior felony convictions
for fraudulent use and possession of documents. 
And [both enhancements] were dismissed as part of the plea bargain,
which brought it down from 2 to 10 years and only give[s] the Court range only
up to two years state jail. 

And
I read the presentence investigative report. 
This is not any aberration of something that just happened in her life.

The trial judge then read a litany of
convictions dating back to 1987 including, inter
alia, two convictions for theft by check (1994 and 1996), two convictions
in 2003 for fraudulent use or possession of identifying information, and
several charges for credit card abuse and fraudulent use or possession of
identifying information that were eventually dismissed.  After appellant’s trial counsel challenged
the inclusion of the dismissed charges, the judge stated that he was “not
punishing her for the ones dismissed. 
You know, I’m not going to consider those, period.  You know, that’s a good point.”  The trial judge then went on to state: 

But Ms. Randle, you are very fortunate to be here with
a state jail felony.  This is more like a
ten year case in the penitentiary, frankly. 
And I mean, without even—I mean, after considering all this, reading
this, I’m just amazed that you don’t have a third degree felony, because you
deserve the maximum.  And I am finding
you guilty on both cases of the fraudulent use [or] possession of identifying
information [in] both cases.  I’m
assessing your punishment [in] both cases at two years in the state jail
facility.  And I’m assessing a
10,000-dollar fine on both cases also.

And by law, since you pled [both cases] together, they
will run concurrently.  So you’ll be
taken into custody at this time. 

Because the trial judge assessed the maximum sentence, appellant argues that “it would seem likely there
was [a] connection between the heightened punishment and defense counsel’s
failures,” yet offers no evidence to either support her position or to undermine
the clear inference from the record that the trial judge’s maximum sentence was
based exclusively upon appellant’s prior record. Here,
the record is void of any evidence of a reasonable probability that, had
her trial counsel’s assistance met the prevailing professional norms, appellant
would have received a lesser sentence.  Therefore, in accordance with Strickland and its progeny, we have no
choice but to overrule appellant’s first point of error.

Reforming the judgments

In her second point of error,
appellant asserts, and the State concedes, that the trial court erred in
finding that the sex offender registration requirements of Chapter 62 of the
Texas Code of Criminal Procedure applied to her and asks this Court to reform
the judgments entered against her.[3]  The cases before us are for fraudulent use or
possession of identifying information and as Chapter 62 is inapplicable, we
modify the trial court’s judgments to so reflect. 

 

CONCLUSION

We modify the judgments of the trial
court to show that appellant is not required to register as a sex offender, and
as modified, we affirm.

 

 

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings,
Higley, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]              Chandra
Randle is appealing the judgments of two separate cases she pled together.  The judgment in Trial Court Cause No. 1060609 identifies her as “Chandra Randle-Jackson”
and the judgment in Trial Court
Cause No. 1039811 identifies her as “Chandra
Denise Randle.” For purposes of this appeal, she will be referred to
as either “appellant” or “Randle.”  





[2]          See Tex.
Code. Crim. Proc. art. 62.001(5), 62.002(a) (Vernon Supp. 2008).





[3]          See Tex.
Code. Crim. Proc. art. 62.001(5), 62.002(a).